UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CALVIN JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV420-185 |
| ) | |
| U.S. MARSHALS ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed this lawsuit while housed at the Federal Correctional Complex in Coleman, Florida. *See* doc. 1 at 1. Plaintiff is proceeding *pro se* in this case brought under 42 U.S.C. § 1983, but he has failed to pay filing fees or complete the process for proceeding *in forma pauperis* ("IFP"). *See* Doc. 3 (Clerk's deficiency notice). Plaintiff is well known to this Court and has filed numerous frivolous cases, often doing what he has done here: failed to apply for IFP or pay his filing fees in violation of court order despite being repeatedly warned of the repercussions for failure to comply. *See James v. Chatham County Superior Court*, CV420-169, doc. 4 at 5-6 (describing Plaintiff's repeated failure to comply with Court orders and willingness to abuse the courts after filing at least

twenty-four cases and not complying with IFP procedures in those cases), *adopted* doc. 7 (S.D. Ga. Dec. 23, 2020); *see also James v. City of Savannah*, CV421-296, doc. 5 (S.D. Ga. June 21, 2022) (noting Plaintiff's Complaint was subject to dismissal for his failure to pay the filing fee or otherwise respond to the Clerk's deficiency notice); *James v. Chatham County Jail*, CV421-284, doc. 5 (S.D. Ga. June 21, 2022) (dismissing James' Complaint); *James v. United States District Court*, CV419-031, doc. 14 (S.D. Ga. May 6, 2019) (dismissing James' case because he has "continually refused to supply this Court with the information it needs to assess an appropriate initial filing fee and has never provided this Court with a certified copy of his trust fund account statement."); *James v. U.S. Marshals*, CV419-287, doc. 21 (S.D. Ga. Oct. 13, 2021) (appeal rejected for failure to file consent form); *James v. Christine*, CV418-293, doc. 6 (S.D. Ga. March 4, 2019) (dismissing Complaint for failure to comply with a Court order); *James v. Christine*, CV418-306, doc. 6 (S.D. Ga. May 17, 2019) (dismissing Complaint for failure to comply with a Court order); *James v. Gammon*, CV418-307, doc. 7 (S.D. Ga. May 31, 2019) (dismissing Complaint for failure to comply with a Court order, while noting James' "clear intent not to appropriately litigate his case.").

Moreover, even though Plaintiff has been able to avoid many merits-based dismissals due to his noncompliance with the rules requiring payment of fees, he has, by date of this order, accumulated three strikes and will be limited by 28 U.S.C. § 1915(g) from filing frivolous claims in the future.[1]  *See James v. Moore*, CV421-327, doc. 4 (S.D. Ga. July 13, 2022).

Plaintiff's failure to comply with the clerk's deficiency notice mandates dismissal of this claim.  This Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c); *see also* Fed. R. Civ. P. 41(b) (mandating involuntary dismissal of a complaint either for failure to prosecute or for failure to comply with an order of the court). Additionally, a district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102

---

[1] The present case predates the three strikes determination and the filing restriction order.  Thus, the below recommendation does not rely upon this rationale for dismissal.

3

(11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dep't*, 2006 WL 3307444, *1 (11th Cir. 2006).

Although this case is due for dismissal on Plaintiff's apparent failure to prosecute, it is also meritless and repetitive of other cases he previously filed. His Complaint, like others before it, alleges that Plaintiff was wrongfully "indicted by U.S. Marshals" on charges of possession of a firearm by a prohibited person on September 10, 2018. Doc. 1 at 2. He alleges he was illegally indicted, arrested, and convicted, because the Marshals "went out of their jurisdiction to arrest and charge [him] with illegally seized contraband" which they obtained from the Savannah Police Department. *Id*. He claims that he was already detained and arrested by the state official on the same charges, and thus, presumably, he asserts the federal indictment was unlawful. He seeks $223,000,000 in damages. *Id*.

Even if Plaintiff had named suable individuals, *see F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."), his conclusory allegations that he was unlawfully arrested and prosecuted fail. He does not allege sufficient facts showing unlawful activity, but

4

merely provides a cursory description of his arrest and subsequent detention, which he deems illegal, in a matter duplicitous of his other cases. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Thus, any amendment of his Complaint would be futile, and his claim should be dismissed. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (A district court need not grant leave to amend where even "a more carefully drafted complaint could not state a claim."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that plaintiff's action be **DISMISSED** in its entirety. This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.

The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 14th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA