**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

CALVIN JAMES,

        Plaintiff,

    v.

U.S. MARSHALS,

        Defendant.

CIVIL ACTION NO.: 4:20-cv-185

## O R D E R

After a careful *de novo* review of the record in this case, the Court concurs with the Magistrate Judge's November 14, 2022 Report and Recommendation, (doc. 5), to which Plaintiff did not object. For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation as the opinion of the Court. Consequently, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, and **DIRECTS** the Clerk of Court to **CLOSE** this case.

Plaintiff, who was housed at the Federal Correctional Complex in Coleman Florida, filed a *pro se* cause of action pursuant to 42 U.S.C. § 1983 regarding his arrest and confinement. (See doc. 1.) The Magistrate Judge noted Plaintiff's repeated failure to comply with instructions for proceeding *in forma pauperis* or pay filing fees, in violation of court orders. (Doc. 5, p. 1.) The Magistrate Judge recommended that his Complaint be dismissed because he, again, failed to respond to a deficiency notice sent by the Clerk. (See id. pp. 3-4.) Moreover, the Magistrate Judge concluded Plaintiff's Complaint failed to state a claim because he did not name suable defendants and because his conclusory allegations that he was unlawfully arrested and prosecuted were meritless. (Id., pp. 4-5.) Thus, the Magistrate Judge recommended dismissal of the

Complaint.   (Id., p. 5.)   A *de novo* review of the Complaint confirms the Magistrate Judge's analysis.

Plaintiff's failure to object to the Report and Recommendation may be attributable to his failure to keep the Court apprised of his current address.   It was returned as undeliverable.   (Doc. 6.)   *Pro se* litigants have a continuing obligation to apprise the Court of any address change.   See S.D. Ga. L. Civ. R. 11.1.   This Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness."   S.D. Ga. L.R. 41.1(b), (c); see also Fed. R. Civ. P. 41(b) (mandating involuntary dismissal of a complaint either for failure to prosecute or for failure to comply with an order of the court).   A district court retains the inherent power to police its docket and to enforce its orders.   Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Brown v. Tallahassee Police Dep't, 2006 WL 3307444, *1 (11th Cir. 2006).   James' apparent failure to comply with the Court's Local Rule provides an alternative basis to dismiss his Complaint.

The Court **ADOPTS** the Magistrate Judge's Recommendation.   (Doc. 5.)   Alternatively, James' Complaint, (doc. 1), is DISMISSED for failure to comply with the Court's Local Rules. Accordingly, this case is **DISMISSED**.   The Clerk is directed to **CLOSE** this case.

**SO ORDERED**, this 16th day of December, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA